**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 15-1543
_____

UNITED STATES OF AMERICA

v.

TSCHAKA FORTT,
                                        Appellant

_____

On Appeal from the United States District Court
for the District of Delaware
(D.C. Criminal Action No. 1-98-cr-00024-001)
District Judge:  Honorable Sue L. Robinson

_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
June 17, 2015

Before:  RENDELL, GREENAWAY, JR. and SCIRICA, Circuit Judges

(Opinion filed: June 25, 2015)
_____

OPINION[*]
_____

PER CURIAM

---

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

Tschaka Fortt appeals from an order of the United States District Court for the District of Delaware, which denied his petition filed pursuant to 28 U.S.C. § 2241. For the reasons that follow, we will affirm the District Court's decision.

Fortt was indicted on federal drug and firearm charges in 1998. At the time of the indictment, Fortt was in state custody awaiting disposition of state charges of attempted robbery, and drug and firearm charges. Fortt was transferred to federal authorities on a writ of habeas corpus ad prosequendum. After pleading guilty to federal charges, he was sentenced by Judge Joseph J. Longobardi to a total of 101 months of imprisonment. Fortt was then returned to state custody, where he was sentenced to a state term of 2 years and 6 months imprisonment for a state probation violation, and an additional 20 years' imprisonment for the state robbery, drug, and firearm charges.

In 2013, Fortt wrote to the Federal Bureau of Prisons ("BOP"), asking it to retroactively designate the state prison where he was housed as the place of service of his federal sentence, pursuant to Barden v. Keohane, 921 F.2d 476, 483 (3d Cir. 1990). The BOP wrote a letter to the District Court (Judge Sue L. Robinson, as Judge Longobardi had retired), asking if it had a recommendation on the request. The BOP did not receive a response. It denied Fortt's request by letter dated November 1, 2013. The BOP stated that after considering the factors under 18 U.S.C. § 3621(b), it had determined that retroactive concurrent designation was not appropriate.

Fortt then filed a petition pursuant to 28 U.S.C. § 2241 in the District Court. The District Court granted the Government's motion for a stay so that it could gather

2

additional information about Fortt's history and characteristics. The Government filed a supplemental response, noting that the Court could make a non-binding recommendation in favor of Fortt's request, but that it did not recommend it. The Government argued that the BOP had not abused its discretion in denying Fortt's request.

The District Court denied Fortt's § 2241 petition, agreeing with the Government that the BOP had not abused its discretion, and that it had appropriately considered the factors set forth in 18 U.S.C. § 3621. Fortt filed a motion for reconsideration, which the District Court denied. Fortt timely appealed.[1]

Under 18 U.S.C. § 3621, the BOP had the authority to nunc pro tunc designate the place of confinement for Fortt's federal sentence, essentially allowing the state and federal sentences to run concurrently. Setser v. United States, 132 S. Ct. 1463, 1467-68 (2012); Barden, 921 F.2d at 483. But we agree with the District Court that the BOP did not abuse its discretion in denying Fortt's request for a nunc pro tunc designation.

We have previously held that while prisoners are entitled to have their requests for nunc pro tunc designation examined by the BOP using the factors listed in § 3621(b), the BOP has "wide discretion" in determining whether to grant the request. Id. at 482-83. Fortt argues that the BOP should *not* have considered the factors listed in § 3621(b); instead he argues, citing Barden, that the BOP was required to grant his request if the

---

[1] We have jurisdiction pursuant to 28 U.S.C. §§ 1291 and 2253(a), and "exercise plenary review over the District Court's legal conclusions and apply a clearly erroneous standard to its findings of fact." O'Donald v. Johns, 402 F.3d 172, 173 n.1 (3d Cir. 2005) (per curiam). A district court's review of the BOP's denial of a nunc pro tunc designation is

3

requested facility meets the BOP's minimum standards of health and habitability. Fortt misreads <u>Barden</u>. Meeting the minimum standards of health and habitability is necessary, but not sufficient; we have recognized that § 3621(b) "set[s] forth the appropriate factors that the [BOP] should consider" when making a designation of the place of confinement. <u>Barden</u>, 921 F.2d at 482.

The record reflects that the BOP did review Fortt's request under the five factors stated in § 3621(b), and denied his request based on his history and characteristics, and the lack of a recommendation from the federal sentencing court. <u>Cf.</u> 18 U.S.C. § 3584(a) ("Multiple terms of imprisonment imposed at different times run consecutively unless the court orders that the terms are to run concurrently."). Accordingly, the BOP did not abuse its discretion under § 3621(b) by denying Fortt's nunc pro tunc request.

For the foregoing reasons, we will affirm the District Court's judgment.

---

for abuse of discretion. <u>See</u> <u>Barden</u>, 921 F.2d at 483.